UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAURICE JOHNSON,

        Petitioner,        Case Number 00-10497-BC
                                      Honorable David M. Lawson

v.

BARBARA BOCK,

        Respondent.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITION FOR HABEAS CORPUS

Petitioner Maurice Johnson filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 through counsel. In 1999, the petitioner pleaded guilty to simple possession of over 225 but less than 650 grams of cocaine in the Wayne County, Michigan circuit court. He received a prison sentence of twelve to thirty years. After the petitioner filed his amended habeas corpus petition, the matter was referred to Magistrate Judge Charles E. Binder, who issued a report recommending that the petition be denied. On May 12, 2003, the petitioner filed his objections to the Report and Recommendation and on August 1, 2003, the Court ordered the filing of a transcript of the petitioner's evidentiary hearing. This matter is now before the Court for *de novo* review. *See* Fed. R. Civ. P. 72(b).

The Court agrees with the magistrate judge's reasoning that one of the petitioner's claims is unexhausted and both claims are without merit. Therefore, the Court will adopt the magistrate judge's recommendation and dismiss the petition for lack of merit in the grounds presented.

I.

The petitioner filed his original petition for a writ of habeas corpus on April 7, 2000 under a different case number, raising five grounds for relief. The matter was referred to Magistrate Judge Binder, who found that three of the five claims were unexhausted and recommended dismissing the petition without prejudice in a Report and Recommendation issued December 20, 2000. On December 28, 2000, the petitioner filed his petition in this Court under the current case number, raising only two of the five grounds for relief he raised in his original petition. However, the two claims he raised were unexhausted claims from his first petition.

On September 5, 2001, Magistrate Judge Paul Komives ordered the petitioner to file a second amended petition clarifying the claims he wished to pursue in his petition. The petitioner complied and filed a second amended petition on September 26, 2001, again asserting the two unexhausted claims. Magistrate Judge Binder issued a Report and Recommendation on April 2, 2003 recommending that the petition be dismissed with prejudice because the claims, although unexhausted, were without merit. When the petitioner's time to object to the Report and Recommendation expired, this Court adopted the Report and Recommendation and dismissed the petition on April 23, 2003.

However, the petitioner's counsel filed a motion to vacate the order on May 6, 2003, explaining that he did not receive the Report and Recommendation as a result of a serious ice storm that had affected the Detroit area. In response to this motion, the Court vacated its previous order adopting the Report and Recommendation. Upon further review, the Court issued an order on August 1, 2003 declining to adopt the Report and Recommendation until the state furnished a missing transcript from one day of the petitioner's state court evidentiary hearing. The Court

received the transcript and now will conduct a *de novo* review of the petitioner's objections to the Report and Recommendation.

In his second amended petition for a writ of habeas corpus, the petitioner raised two claims, which the magistrate judge described as follows:

    I.    THE PERSISTENT SELF-INCRIMINATION PROBLEM

> [The petitioner claims that he was cajoled and unlawfully induced by an experienced Michigan State Police Officer to incriminate himself in violation of his Fifth and Fourteenth Amendment rights.]

    II.    THE SEARCH AND SEIZURE ISSUE.

> [The petitioner contends that his Fourth and Fourteenth Amendment rights were violated by the search of his vehicle, the seizure of property, and the warrantless testing of suspected narcotics.]

The magistrate judge concluded that the petitioner's claims were unexhausted but proceeded to deny them on the merits.

The magistrate judge concluded that the petitioner's first claim was without merit because the state trial court made a factual determination that the police never promised to be lenient with the petitioner in return for a confession. However, the magistrate judge reached this conclusion without the benefit of a transcript of the second day of the petitioner's state court evidentiary hearing on his pretrial motions. As to the second claim, the magistrate judge found that it was without merit because the petitioner received a full and fair opportunity to litigate his Fourth Amendment claim in state court. The magistrate judge recommended that the petition be denied.

## II.

The petitioner objects to the Report and Recommendation on several grounds: (1) the state trial court never made a finding of fact on the voluntariness of the petitioner's statements to police,

-3-

and the magistrate judge was wrong to "reconstruct the facts"; (2) Michigan state case law holds that statements induced by promises of leniency or hope of favor are involuntary, the use of the newspaper article to convince the petitioner that he would get a lesser sentence if he made a statement constituted a promise of leniency or favor, and the petitioner made his statement "only after a considerable period of interrogation, and detention"; and (3) the voluntariness claim is exhausted because the petitioner raised his voluntariness claim in the Michigan Supreme Court.

A.

First, the petitioner argues that the state trial court never made a proper finding of fact after the evidentiary hearing on the petitioner's pretrial motion to suppress the statement he made to police. Under these circumstances, the petitioner argues that the magistrate judge was wrong to assume that the trial court made a factual finding simply because the trial court denied the petitioner's pretrial motions.

Although the magistrate judge did not have before him the transcript of the second day of the petitioner's evidentiary hearing, this Court has reviewed the transcript and concludes that the state trial court did make a factual finding that the petitioner's statement was voluntary. On the first day the evidentiary hearing was held, Lieutenant William Darnell of the Michigan State Police admitted that he did show the petitioner a newspaper article describing the arrest of comedian Tim Allen for drug possession. When he was asked why he showed the petitioner the article, Lt. Darnell responded:

> A: Well, because Mr. Johnson had just been caught with two kilos of cocaine, which is a mandatory life sentence, he's a relatively young man; from past experience if they want to help themselves out in identifying the dealer or person that gave them the cocaine, that can help them out in sentencing. I show them the article to show Tim Allen got caught with, I believe a kilo of cocaine, did the right thing, identified his source of the drugs and it's [sic]

> well-known he only got, I think two or three years in federal prison. I wanted to let Mr. Johnson know that that could happen if he wanted to help himself out.
>
> Q:   By helping him out means what?
>
> A:   Telling the truth, telling us where he got the drugs, identifying the person he got the drugs from.
>
> Q:   Did you tell him that he was going to get two and a half years if he did that?
>
> A:   I told him that I cannot make him any promises, that it would be up to the prosecutor, Mr. Doug Baker, second in charge of the Drug Unit. I could not make any promises but that we would work with the prosecutor.
>
> Q:   If what?
>
> A:   If he told us the truth and helped us in identifying the source of the drugs.

Hearing Tr., 10/23/1998, at 56-57. Lt. Darnell testified that the petitioner could only give him the first name of his supplier, and did not give him an address. The petitioner testified that Lt. Darnell showed him a picture of Tim Allen and promised him two or two-and-a-half years in custody.

On the second day of the evidentiary hearing, the state trial court ruled on the petitioner's motions from the bench, explaining that the petitioner was competent to waive his *Miranda* rights but not specifically addressing the newspaper article the officer showed the petitioner. The state trial court denied the petitioner's motions.

In his objections, the petitioner quotes from *Townsend v. Sain*, 372 U.S. 293 (1963), a case explaining that a reviewing habeas court should not assume that an issue was decided on the merits if the state court did not make express findings. However, the *Townsend* court was merely cautioning that a habeas court should not assume that an issue was dismissed on the merits and not dismissed on procedural grounds. In this case, there is no doubt that the state trial court decided the petitioner's motion on the merits. The trial court conducted a hearing on the merits and did not

discuss any procedural problems with the motions during the hearing. Although the state trial judge did not address specifically the incident involving the newspaper article, she addressed the petitioner's competency and mental state. Because the trial court judge denied the petitioner's motions on the merits after hearing conflicting testimony from the petitioner and Lt. Darnell, the magistrate judge properly inferred that the trial court judge found Lt. Darnell's testimony to be credible. Therefore, the petitioner's objection to the magistrate judge's treatment of this issue is overruled.

B.

Next, the petitioner asserts that showing the petitioner the newspaper article constituted a promise of leniency rendering the petitioner's statement involuntary under Michigan law. Furthermore, the petitioner argues that the statement was made under other circumstances that constituted impermissible psychological pressure.

To be admissible, a confession must be voluntary. A confession coerced by threats, violence, promises, or improper influence is not voluntary. *Bram v. United States*, 168 U.S. 532, 542-43 (1897); *see Lynumn v. Illinois*, 372 U.S. 528, 534 (1963). "An admission is deemed to be coerced when the conduct of law enforcement officials is such as to overbear the accused's will to resist." *Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir. 1994) (citing *Beckwith v. United States*, 425 U.S. 341, 347-48 (1976)). Courts must look to the totality of the circumstances when determining whether a confession has been elicited by unconstitutional means. *Ibid*.

In *Williams v. Withrow*, 944 F.2d 284 (6th Cir. 1991), *rev'd in part on other grounds*, 507 U.S. 680 (1993), the Sixth Circuit explained that promises of leniency can render a statement involuntary:

> We recognize that the success of a criminal investigation often hinges on obtaining information from uncooperative individuals. Indeed, many otherwise unobtainable convictions are secured through extending immunity in exchange for a defendant's testimony against more culpable co-defendants. The necessity of foregoing the prosecution of an informant in order to convict the ringleaders is an altogether different situation from the deliberate inducement of inculpatory statements through illusory promises of leniency. Even in situations where immunity is not envisaged, we have no doubt that effective interrogation techniques require, to some extent, a carrot-and-stick approach to eliciting information from an uncooperative suspect. However, when promises of leniency, coupled with threats of immediate imprisonment, have a coercive effect on a suspect, we are obliged to inquire whether "the 'coercion' in question was sufficient to overbear the will of the accused."

*Williams*, 944 F.2d at 289 (quoting *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1989)). More recently, that court has summarized Sixth Circuit law on the subject in holding that "promises of leniency may be coercive if they are broken or illusory." *United States v. Johnson*, 351 F.3d 254, 262 (6th Cir. 2003).

In this case, Lt. Darnell's use of the newspaper article did not constitute a promise. The officer told the petitioner that he could "help himself out" by cooperating with the police and leading them to his supplier, just as the article indicated Tim Allen had done. However, the officer also told the petitioner that he could not promise anything but would talk to the prosecutor if the petitioner helped them find his supplier. Therefore, Lt. Darnell's offer to talk to the prosecutor did not constitute a promise.

Even if the officer's use of the newspaper article constituted a promise, it was not broken or illusory. The petitioner only gave the police the first name of his supplier and provided no address. Because the petitioner did not offer significant information about his supplier, no promise was broken when the petitioner did not receive a two or two-and-a-half-year sentence. Although the petitioner was charged originally with possession with intent to deliver over 650 grams of cocaine, a charge carrying a mandatory life sentence, the petitioner pleaded guilty pursuant to a plea

agreement to the lesser charge of simple possession of over 225 but less than 650 grams of cocaine and received a prison sentence of twelve to thirty years. Furthermore, the officer did not promise to do something that he could not do; he simply promised to talk to the prosecutor if the petitioner could identify his supplier. Therefore, the petitioner's objection with regard to a promise of leniency is overruled.

Finally, as the magistrate judge noted in his Report and Recommendation, the circumstances surrounding the taking of the statement did not render the statement involuntary. The Court must consider the totality of the circumstances in determining whether a defendant's will was overborne at the time of the confession. *McCalvin v. Yukins*, 444 F.3d 713, 719 (6th Cir. 2006). "Factors considered in assessing the totality of the circumstances include the age, education, and intelligence of the defendant; whether the defendant has been informed of his *Miranda* rights; the length of the questioning; the repeated and prolonged nature of the questioning; and the use of physical punishment, such as deprivation of food or sleep." *Ibid*.

The petitioner objects that "this so-called confession came only after a considerable period of interrogation[] and detention." Petr's Objections at 22. He argues that he was "whisked away from family, phones, attorneys, other prisoners in the Wayne County Jail to a secret room in the Michigan State Police Headquarters" when he was taken to be interviewed. *Ibid*. He notes that the petitioner was told he was facing a possible life sentence for his possession of over 650 grams of cocaine. However, the evidentiary hearing transcript reveals that the entire interview lasted one hour and twenty-nine minutes. Hearing Tr., 10/23/1998, at 60. The fact that the petitioner was taken to a separate room to be interviewed is not unusual and not in itself coercive. The petitioner was in fact facing a mandatory life sentence due to the quantity of cocaine found in his vehicle. As the

magistrate judge explained in his Report and Recommendation, the petitioner was approximately twenty-three years old at the time of the interview, had completed the ninth grade, had previous experience with law enforcement, and gave no indication that his physical or mental condition was impaired. The petitioner also was allowed to call his girlfriend during the interview, but Lt. Darnell cautioned the petitioner to say he was in custody on a parole violation to avoid tipping off his supplier. It is true that the petitioner was once in a special education class in high school, had an IQ of 75, and asked to be read his *Miranda* rights two times because he said he did not understand them. However, these factors are not enough to render the actions of Lt. Darnell coercive. The petitioner ultimately told the officer that he did understand his rights, the questioning was not excessive, and the petitioner was not subjected to any deprivation. Therefore, the petitioner's objection to the magistrate judge's suggestion that the confession was voluntary is overruled.

C.

The petitioner also contends that his claim that the statement was involuntary is exhausted because he mentioned the claim in his application for leave to appeal to the Michigan Supreme Court. Because the Court finds that the claim is without merit, the Court need not reach this issue. *See* 28 U.S.C. § 2254(b)(2).

The Court further notes that the petitioner has not objected to the magistrate judge's Report and Recommendation rejecting his search and seizure claim. Therefore, the Court adopts the Report and Recommendation as to that claim as well.

III.

The Court concludes that the magistrate judge correctly determined that the claims in the petition are without merit.

Accordingly, it is **ORDERED** that the petitioner's objections to the Report and Recommendation are **OVERRRULED**. It is further **ORDERED** that the magistrate judge's Report and Recommendation is **ADOPTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 22, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS